## Keisel's Appeal.

Where a portion of decedent's land was conveyed to the widow in lieu of dower by the heirs, who then proceeded by partition in the Orphans' Court, and the tract conveyed to the widow was valued by the inquest—and all the heirs but one accepted or refused other purparts—the remaining heir is not entitled after the death of the widow to take the land at the valuation. For, by virtue of the conveyance, the land was not legally included in the proceedings, although the conveyance was recited in the return of the inquest: but it descended to the heirs after the death of the widow.

Appeal from the Orphans' Court of Montgomery.

*March* 28, 29. In 1829 B. Ernest died intestate, leaving a

widow and five children, and the issue of a deceased child—seised of certain real estate, consisting of three tracts.

On the 11th August, 1830, the heirs by deed conveyed to the widow for life, in lieu of dower, which she released, a tract of forty acres and one hundred and eight perches, parcel of the above.

On the 17th August, 1830, proceedings in partition were commenced between the heirs in the Orphans' Court; and in October the inquest returned a valuation of the land, which they had divided into five purparts. Among these was the tract previously conveyed to the widow for life. The deed to the widow was recited in the return of the inquest.

Four of the tracts were taken by the four sons, the guardian of the children of the deceased son having declined to accept any purpart.

In 1847 the appellant, as husband of the only daughter of the intestate, petitioned the court for leave to take, at the valuation of the inquest, the tract conveyed to the widow, setting out the prior proceedings and the death of the widow.

The court dismissed the petition.

*Sterigere* and *J. Sergeant*, for the appellant.—The question is, can the agreement of the parties be carried out? The whole proceeding was amicable, but by mistake the widow was not joined. She was however heard, and her rights provided for. The land was included in the partition, and is the only tract left for the petitioner, all the other heirs having accepted or declined. What will be the result of a refusal? The proceedings cannot be set aside in part; 1 Serg. & Rawle, 469; 5 Whart. 221; nor are the other heirs entitled to a second choice. Can the daughter be left to her share in a new partition? There can be no sale, because we are willing to accept; nor can there be a new appraisement: 8 Serg. & Rawle, 205.

*Fornance*, contrà.—The appraisement was in fact subject to the encumbrance of the wife's estate, and had it been taken while that existed there would have been no contest; nor if they would consent to an appraisement clear of the encumbrance. But in strictness, the land was not included in the partition, having been conveyed away, whereby the jurisdiction was ousted.

*April* 3. BURNSIDE, J.—The deed of the 10th of August, 1830, from the children of Baltzer Ernest to their mother, conveying the

forty acres and one hundred and eight perches, in lieu of dower, during her natural life, was prior to the amicable partition in the Orphans' Court. The valuation of this part of the estate would seem not to have been in the contemplation of the parties; nor had the court, on the proceeding before them, jurisdiction over it. On the death of Mrs. Ernest it reverted to the heirs of the deceased, and is now open to partition, valuation, and sale. If any advantage or loss has arisen to either of the parties, they have brought it upon themselves. The valuation by the persons selected by the heirs eighteen years ago, of the lot in question, was not authorized by the proceeding; a life-estate was outstanding, for which they had received an equivalent. The fact that the heirs at law of Baltzer Ernest had conveyed this portion of their father's estate to their mother, and that they were entitled to it in remainder, after her death, nowhere appeared in the amicable proceeding. The heirs had parted with their immediate right for an uncertain period of time; and this was not brought into the view of the court, nor stated in their petition. We all think the Orphans' Court were right in rejecting the application of the petitioners.

Appeal dismissed.